IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |  |
|---|---|---|
| FACTOR2 MULTIMEDIA SYSTEMS, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | | |
| v. | | Civil Action No. 1:25-cv-790 |
| THE UNITED STATES OF AMERICA AS THE UNITED STATES PATENT AND TRADEMARK OFFICE, et al., | | |
| Defendants. | | |

## ORDER

THIS MATTER comes before the Court on Plaintiff Factor2 Multimedia Systems, LLC's Motion for Preliminary Injunction.

At the core of this case is a family of patents owned by Factor2; specifically, the '453 Patent and the '285 Patent. In 2024, Factor2 commenced a patent infringement campaign against many defendants to assert these remaining expired patents. On March 28, 2024, Factor2 filed suit in the United States Court of Federal Claims ("CFC") against the United States "acting through its various agencies including, but not limited to, the Department of Commerce and the United States Patent and Trademark Office ("PTO")." That case is still ongoing.

Concurrently, third party Unified Patents, LLC filed two separate requests for *ex parte* reexamination of two of Factor2's

1

patents: the '285 Patent and the '453 Patent. On September 9, 2024, Factor2 petitioned the PTO to stay reexamination of the '285 Patent, arguing that because Factor2 had filed suit against the PTO for alleged infringement of the '285 Patent, "the employees of the PTO [now] have a conflict of interest that requires the [reexamination] be stayed because the PTO's financial interest in the Litigation of the '285 Patent is imputed to its employees such that they are unable to administer their duties in a fair and ethical manner." On February 21, 2025, the PTO dismissed Factor2's petition to stay the reexamination.

On September 17, 2024, the Examiner conducting the reexamination of the '285 Patent issued an Order Granting *Ex Parte* Reexamination and issued an Office Action on June 3, 2025, finding all challenged claims of the '285 Patent to be unpatentable as obvious. The Examiner conducting the reexamination of the '453 Patent issued an Order Granting *Ex Parte* Reexamination on April 2, 2025, but has not yet issued an Office Action.

On May 07, 2025, Factor2 filed the present suit arguing that because it has accused the United States of infringing its patents, the reexaminations violate its right to due process under the Fifth Amendment and its right to a jury trial under the Seventh Amendment. Now, Factor2 asks this Court to grant a preliminary injunction staying the PTO's *ex parte* reexamination.

2

"[P]reliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." MicroStrategy Inc. v. Motorola, Inc., 245 F.3d 335, 339 (4th Cir. 2001). To obtain a preliminary injunction, Factor2 must make a "clear showing" of each of the four factors: (1) a likelihood of success on the merits; (2) irreparable harm in the absence of preliminary injunctive relief; (3) that the balance of equities tips in his favor; and (4) that the public interest favors the requested equitable relief. Winter v. NRDC, 555 U.S. 7, 20 (2008).

First, Factor2 makes two arguments on the merits; neither are likely to succeed. Factor2 argues that the PTO's *ex parte* reexamination violates its due process under the Fifth Amendment and its right to a jury trial under the Seventh Amendment. The Court will consider each in turn. "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." Mathews v. Eldridge, 424 U.S. 319, 332 (1976). It demands impartiality on the part of decisionmakers. Schweiker v. McClure, 456 U.S. 188, 195 (1982). Administrative decisionmakers, however, are entitled to a presumption of honesty and integrity. Withrow v. Larkin, 421 U.S. 35, 47 (1975). "This presumption can be rebutted by a showing of conflict of interest or some other specific reason for

3

disqualification." Schweiker, 456 U.S. at 195. Notably, "[t]he burden of establishing a disqualifying interest rests on the party making the assertion." Id. at 196.

Here, Factor2 makes allegations of institutional bias but does not allege actual bias on behalf on any PTO employee. Yet there is no pecuniary interest for the PTO. If they lose the case before the CFC, the award will be paid out of a judgment fund. See 112 Genesee St., LLC v. United States, 172 Fed. Cl. 426, 450 (2024). Regardless, Congress controls the PTO's budget and there are no indicia that the PTO's budget would be negatively impacted by a single patent infringement damages award. Thus, Factor2 is not likely to succeed on the merits of its due process claim under the Fifth Amendment.

Next, the Court will turn to Factor2's Seventh Amendment claim. It plainly fails. "[A] plaintiff who files suit in [the Court of Federal Claims] 'waives the right to a jury trial.'" Rohland v. United States, 135 Fed. Cl. 36, 38 (2017). Thus, Factor2 has no right to a jury trial. Even if that were not the case, "the Seventh Amendment protects a litigant's right to a jury trial only if a cause of action is legal in nature and it involves a matter of 'private right.'" Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 42 n.4 (1989). Conversely, Congress may assign adjudication of a cause of action involving a matter of "public right" to a non-Article III adjudicative body. Id., 492 U.S. at 42, 51. If done,

4

"the Seventh Amendment poses no independent bar to the adjudication of that action by a nonjury factfinder." Oil States Energy Servs., LLC v. Greene's Energy Grp., LLC, 584 U.S. 325, 345 (2018).

Moreover, courts have long recognized that the grant of a patent is a matter involving public rights. Id. at 335. Specifically, the Supreme Court has found that administrative review of previously granted patents through *inter partes* review and *ex parte* reexamination—as is the case here—does not violate the Seventh Amendment. Oil States Energy Servs., 584 U.S. at 340, 344. Thus, Factor2 is unlikely to succeed on the merits for its seventh amendment claim. The Court will now turn to Factor2's irreparable harm arguments.

"[P]laintiffs seeking preliminary relief [must] demonstrate that irreparable injury is likely in the absence of an injunction." Winter, 555 U.S. at 22. Conclusory or speculative allegations do not establish a likelihood of irreparable harm. Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 812 (4th Cir. 1991).

Here, Factor2 alleges that "invalidation of one or more patents is an irreparable injury [that] will soon recur [sic] without injunctive relief." But this is speculative. The PTO has yet to issue final rulings; so, there is no way of knowing if Factor2's patents will be invalidated. Thus, Factor2 has not demonstrated the existence of irreparable harm absent emergency injunctive relief.

5

Finally, the remaining two factors are in favor of the Government. While Factor2's harm is speculative, "[a]ny time a [government] is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." Maryland v. King, 567 U.S. 1301, 1303 (2012). And the public has a paramount interest in seeing that patents are kept within their legitimate scope. Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co., 324 U.S. 806, 816 (1945). Thus, the balance of the equities and the public interest favor the Government. Accordingly, it is hereby

ORDERED that Plaintiff Factor2 Multimedia Systems, LLC's Motion for Preliminary Injunction is DENIED.

                                                      /s/ Claude M. Hilton
                                                      CLAUDE M. HILTON
                                                      UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
July 17, 2025